IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANET D. STRATTON, § § § Plaintiff, § § v. § § TEXAS AIR NATIONAL GUARD; § § JOHN F. NICHOLS, ADJUTANT § GENERAL OF THE TEXAS AIR § NATIONAL GUARD; § § THE UNITED STATES AIR FORCE; § § MICHAEL B. DONLEY, UNITED § STATES SECRETARY OF THE AIR § FORCE; § § THE NATIONAL GUARD BUREAU; § § and § § CRAIG R. MCKINLEY, CHIEF OF § THE NATIONAL GUARD BUREAU, § § Defendants. § | CIVIL ACTION NO. __1:12-CV-24__ JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Janet D. Stratton ("STRATTON"), by and through counsel, pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, et. seq.), and brings this action against (1) the Texas Air National Guard; (2) John F. Nichols, Adjutant General of the Texas Air National Guard; (3) the United States Air Force; (4) Michael B. Donley, United States Secretary of the Air Force; (5) the National Guard Bureau; and (6) Craig R. McKinley, Chief of the National Guard Bureau. In support of her claims, Plaintiff would show as follows:

## I.     JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. (§§ 2000e et. seq.).

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332, and 1337 as well as §216(b).

3. This action properly lies in the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(e), as a substantial part of the events or omissions giving rise to the claim occurred in this district and division.

4. Plaintiff has timely exhausted all administrative requirements available to her prior to the expiration of the statute of limitations.

## II.     PARTIES

5. Plaintiff is Janet D. Stratton, an individual who lives at 4919 Green Jameson, San Antonio, Texas.

6. Defendant Texas Air National Guard may be served with process by serving John F. Nichols, Adjutant General of the Texas Air National Guard, at P. O. Box 5218, Austin, Texas 78763-5218.

7. Defendant John F. Nichols, Adjutant General of the Texas Air National Guard, may be served with process at P. O. Box 5218, Austin, Texas 78763-5218.

8. Defendant United States Air Force may be served with process pursuant to 32 C.F.R. Part 257 by serving Major General Nolan Skulte – Chief, General Litigation Division, Office of the Judge Advocate General, 1660 Air Force – Pentagon, Washington, DC 20330-1660.

9. Defendant Michael B. Donley, United States Secretary of the Air Force, may be served with process pursuant to 32 C.F.R. Part 257 by serving Major General Nolan Skulte – Chief,

General Litigation Division, Office of the Judge Advocate General, 1660 Air Force – Pentagon, Washington, DC 20330-1660.

10. Defendant Craig R. McKinley, Chief of the National Guard Bureau, may be served with process at 111 S. George Mason Dr., Arlington, Virginia 22204.

11. Defendant National Guard Bureau may be served with process by service on Craig R. McKinley, Chief of the National Guard Bureau, 111 S. George Mason Dr., Arlington, Virginia 22204.

## III. STATEMENT OF FACTS

12. Stratton is a 20-year member of the Texas Air National Guard. At the time of the events in this complaint, Stratton was simultaneously working a civilian position with the Texas Air National Guard.

13. On or about March 13, 2008, Stratton made a complaint to Senior Master Sergeant Caesar Acosta, Branch Manager of the Adjutant General's Office, that her supervisor, George Campa, was creating a hostile work environment based on her sex. Specifically, Campa made regular, repeated derogatory comments about women and Stratton in particular. Campa would make comments such as "women aren't meant to work, they are meant to be taken care of" and would ask Stratton, for instance, if she would rather be cooking, cleaning and watching soap operas at home rather than working on jets. Campa would use Stratton's first name, "Janet", as a verb meaning "defecate", as in, "to take a Janet", and would refer to her as a "bitch".

14. In June 2008, Stratton's claim of sex harassment was sustained. However, she was ordered to return to the shop under Campa's supervision.

15. Soon after returning, Campa quit his position but remained employed as a traditional guardsman. Stratton still had to frequently work with Campa, and Campa would intentionally

ignore her, refuse to answer her work-related questions, and generally attempted to make her work situation intolerable. On one occasion in or around December 2008, Stratton and Campa were required to perform a two-person job. Campa abandoned her and made her wait for another worker to show up to assist. This was all done to retaliate against Stratton for making a protected sex discrimination complaint about him.

16. Campa then stated he refused to work with Stratton. Therefore, in December 2008, Campa was moved to the munitions shop. After his transfer, Defendants began retaliating against Stratton with a series of inappropriate write-ups and performance improvement plans.

17. In March 2009, Master Sergeant Mary Gregoire told Stratton's trainers Senior Master Sergeant Rios, Master Sergeant Hernandez, Master Sergeant Tallant and Technical Sergeant Wyatt that Stratton required certain training. However, those trainers refused to train Stratton even though she was threatened with demotion if she did not complete it.

18. On April 7, 2009, Stratton sent an email to Hernandez and Tallant for assistance with getting the training recommended by Gregoire. Both disregarded her email and request. When she followed up with Hernandez, he told her that he "could not ground a jet" to train her and blew off her request for assistance.

19. Throughout 2009, Stratton was presented "Letters of Warning", threatened with adverse employment actions and generally targeted by Defendants for demotion and termination. In June 2009, Stratton was placed on a Performance Improvement Plan and required to complete training, which she did within 60 days. During the training period, Stratton had to beg others to train her and often received no training at all. At one point she was assigned to a trainer; she later found out that the trainer was not certified, thereby negating all of her training hours with that trainer. Stratton finished her training and received a "Fully Successful" rating in all areas of

appraisal during this time period despite Hernandez's refusal to take any interest in providing her the required training.

20. The work environment in the shop was intolerable. Other workers would intentionally allow the door to shut in Stratton's face and would consistently use an inappropriate tone with her throughout the work day.

21. On or about December 18, 2009, Stratton met with Tallant, with union representative Mike Rios present, to discuss the ongoing harassment and hostile work environment being perpetrated against her in the shop. Rios told Tallant that if Stratton was not moved to another work location, Rios would file a Hostile Work Environment Grievance on Stratton's behalf. Rios gave Tallant until January 8, 2010 to respond to the request.

22. On January 8, 2010, Tallant responded to Rios's request by issuing a 30-day Notice of Removal for Unacceptable Performance against Stratton. Tallant handed the letter to Stratton in person. When Stratton asked for an explanation, Tallant refused to provide one. In fact, there is no evidence to support a rating of Unacceptable Performance.

23. On January 9, 2010, Stratton requested her personnel file from Tallant. He refused to give it to her. Tallant later only relented when pressured by Rios.

24. Tallant further violated personnel regulations when he improperly modified "Memorandum and Records" from December 17 and 18, 2009, and improperly used those Memorandum and Records for disciplinary purposes.

25. Tallant further violated personnel regulations in Letters of Warning dated February 9, 2009 and March 24, 2009. Neither letter advised her that the reprimand was grievable or that further offenses could result in further disciplinary action, as required by regulations.

26.     On February 22, 2010, Stratton was terminated from this civilian position. At the time of filing of this complaint, Stratton is being threatened with termination from the Air National Guard as well.

27.     Defendants through Campa, Hernandez, Tallant and others engaged in retaliation toward Stratton for making multiple complaints of sex-based harassment in the workplace.

## IV. CAUSE OF ACTION –
## VIOLATION 42 USC § 2000e-3 – RETALIATION

28.     The acts described in the preceding paragraphs violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3, which, in relevant part, makes it unlawful for an employer to discriminate against any of its employees because she has opposed any practice made an unlawful employment practice by § 2000e, or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under § 2000e. Defendants have engaged in intentional retaliation and have done so with malice or reckless indifference to the federally protected rights of Plaintiff, thereby entitling Plaintiff to exemplary damages. Plaintiff further claims damages for emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life.

## V.  DAMAGES

29.     As a result of Defendants' unlawful conduct in violation of Title VII of the Civil Rights Act of 1964, Plaintiff is entitled to monetary damages, including but not limited to back pay, front pay, mental anguish and other non-pecuniary damages, exemplary damages, expert witness fees and court costs.

30.     Plaintiff is also entitled to reasonable attorney fees.

31.     Plaintiff seeks pre- and post-judgment interest on all amounts awarded.

32.     Plaintiff is also entitled to equitable remedies.

## VI. JURY DEMAND

33.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury of all the issues and facts in this case for which a jury may make a determination.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

- The Court assume jurisdiction of this cause and that Defendants be cited to appear;
- The Court award damages to Plaintiff as specified above;
- The Court award reasonable and necessary attorney and expert fees and costs; and
- The Court award Plaintiff's pre- and post-judgment interest at the highest rates allowed.
- Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

/s/ Alicia A. Wilde

Alicia Wilde
Texas Bar No. 01133050

WILDE RICARDI PLLC
9442 Capital of Texas Highway North
Arboretum Plaza One - Suite # 500
Austin, TX 78759
phone: (512) 428-4627
aawpc@austin.rr.com

Counsel for Plaintiff